## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLEVON MCKENZIE,                    :        No. 3:26cv1102
        Petitioner                 :

                   :        (Judge Munley)

     v.                               :

                   :

CRAIG LOWE,                          :
        Respondent                 :

······································································································

## MEMORANDUM ORDER

Petitioner Clevon McKenzie is a native and citizen of Jamaica.  He is detained at the Pike County Correctional Facility ("Pike CCF") by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") pending removal proceedings.  Before the court is McKenzie's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C § 2241.[1]  (Doc. 1).  He argues that his prolonged detention without a bond hearing under 8 U.S.C. § 1226(c) violates his Fifth Amendment right to due process of law. (Doc. 9).  He asks the court to compel his outright release.  In the alternative, he requests a prompt bond hearing before the undersigned.  For the reasons set forth below, the petition will be granted in part, and a bond hearing will be ordered.  The bond hearing will occur before an immigration judge under the standard set forth later in this order.

---

[1] The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241(c)(3).

By way of brief background, McKenzie is 33 years old. He was issued a five-year combined non-immigrant visa (B-1/2) when he was 13. Another visitor visa was issued in 2013. The government indicates that McKenzie traveled to the United States numerous times using his visitor visas. (Doc. 7-2, Resp. Ex. 1, I-213 Form).

Despite these visa approvals, United States Border Patrol encountered McKenzie near San Luis, Arizona in May 2022 after illegally crossing the United States-Mexico border. He was released from immigration custody on his own recognizance and served with a Notice to Appear after approximately one month of detention at the border. Id.

On October 24, 2023, McKenzie was indicted in the Western District of Pennsylvania on one count of conspiracy to commit wire and mail fraud and one count of conspiracy to commit money laundering. See United States v. McKenzie, No. 2:23-cr-231-RJC, (Doc. 1). In May 2025, McKenzie entered a guilty plea on both counts. Id., (Doc. 153). He was sentenced to 31 months of incarceration in September 2025 after having spent over 18 months in pretrial detention. Id., (Doc. 184). He was also sentenced to two years of supervised release. Id.

The Federal Bureau of Prisons assigned McKenzie to FCI Allenwood Low, a low security correctional institution. (Doc. 7-2, Resp. Ex. 1, I-213 form).

2

There, in November 2025, ICE screened the petitioner, issued him a Notice to Appear, and lodged an immigration detainer. Id.  DHS charged the petitioner under 8 U.S.C. § 1182(a)(2)(A)(i)(I) (crime of moral turpitude or conspiracy to commit such a crime), 1182(a)(2)(I)(i)–(ii) (money laundering), 1182(a)(6)(A)(i) (alien present without being admitted or paroled), and 1182(a)(7)(A)(i)(I) (alien not in possession of required documents).  In January 2026, ICE took the petitioner into custody from FCI-Allenwood Low.  He is now detained at Pike CCF.  According to Executive Office for Immigration Review records, McKenzie was ordered removed by an immigration judge ("IJ") on June 4, 2026.[2]  He is still within an administrative appeal period.  His removal order is not yet final.

Both parties agree that 8 U.S.C. § 1226(c) applies to the petitioner's detention at Pike CCF.  Section 1226(c) is a mandatory detention statute.  8 U.S.C. § 1226(c)(1)(A).  McKenzie argues that the government has violated his right to due process of law by detaining him for approximately six months without an ability to obtain a bond hearing or release on conditions.

Section 1226(c) does not limit the length of the detention it authorizes, Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), but "a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has

---

[2] Information obtained for McKenzie, Clevon Disdale; A-Number 241-668-877; Docket Date 12/02/2025 (accessed at https://acis.eoir.justice.gov/en/ on June 26, 2026 at 10:30 AM).

3

become unconstitutional under the Due Process Clause of the Fifth Amendment." Ibrahim v. Superintendent of Miami Corr. Facility, No. 1:25-CV-00727, 2026 WL 116489, at *4 (M.D. Pa. Jan. 15, 2026) (Wilson, J) (citing German Santos v. Warden Pike Cty. Corr. Facility, 965 F.3d 203, 208–09 (3d Cir. 2020)).  In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing." German Santos, 965 F.3d at 210 (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011)).

Reasonableness is "a 'highly fact-specific' inquiry." Id. (quoting Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 474 (3d Cir. 2015)).  In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. Id. at 211 (citations omitted).

***Duration of Detention*** – Duration of detention is the most important factor. Id.  Under the case law, "[t]here is no presumption of reasonableness or unreasonableness of any duration." Id. (citing Chavez-Alvarez, 783 F.3d at 474 n.7; Diop, 656 F.3d at 234). The longer noncitizens are detained under Section 1226(c) without bond hearings, however, "the more likely their detention abridges the liberty secured by the Due Process Clause." Michelin v. Warden Moshannon

4

<u>Valley Corr. Ctr.</u>, 169 F.4th 418, 433 (3d Cir. 2026) (citations omitted). In <u>Michelin</u>, the Third Circuit reiterated clearly: detention becomes more and more suspect after five months for Section 1226(c) detainees. <u>Id.</u> (citing <u>German Santos</u>, 965 F.3d at 211–12).

As it stands, McKenzie has been detained by ICE for approximately six months without a bond hearing.  That is less than the periods typically found unreasonable in this district for Section 1226(c) detainees. <u>Yirenkyi v. Hoover,</u> No. 3:25CV2414, 2026 WL 268230, at *4, and Appx. (M.D. Pa. Feb. 2, 2026) (collecting cases).  Constitutional concerns are beginning to accrue with respect to McKenzie's ongoing detention; however, the duration factor does not weigh in favor of granting relief.

With that said, duration is only one factor and there are no bright lines in the reasonableness analysis. <u>See</u> <u>Chavez-Alvarez</u>, 783 F.3d at 474, n.7.  The Fifth Amendment requires a more granular look at the other facts of this case.

***Likelihood of Continued Detention*** – The second <u>German Santos</u> factor looks at the likelihood of continued detention.  This factor is neutral because removal has been ordered by an IJ, McKenzie is within the period to file an appeal, but there is no evidence of an appeal to the BIA at this time. If the petitioner appeals, his detention will continue well into the future.  If he does not, his removal order will become final and different statutory and due process

considerations will emerge.  Without evidence of McKenzie actually appealing his removal order, no weight can be given to this factor.

***Reasons for the Delay*** – The third German Santos factor considers the reasons for the delay, "such as a detainee's request for continuances." Id. (citing Diop, 656 F.3d at 234; Demore v. Kim, 538 U.S. 510, 531 (2003).  The court also asks "whether either party made careless or bad-faith 'errors in the proceedings that cause[d] unnecessary delay.' " Id. (quoting Diop, 656 F.3d at 234).  There is no evidence of either side delaying removal proceedings or requesting continuances.  Thus, this factor is neutral.  See id. at 212.

***Conditions of Confinement*** – The fourth German Santos factor requires a determination of whether "the alien's conditions of confinement are meaningfully different from criminal punishment." Id. at 211 (cleaned up).  Under the law, "if an alien's civil detention ... looks penal, that **tilts the scales** toward finding the detention unreasonable." Id. (citing Chavez-Alvarez, 783 F.3d at 478) (emphasis added)).

Pike CCF is a county jail.  A jail is a jail.  McKenzie asserts that he is housed alongside county inmates and pretrial detainees. (Doc. 9, Traverse at 6). He receives less than one hour of yard time when it is provided, according to the averments of his traverse. Id.  McKenzie also asserts that he enjoyed fewer restrictions and more amenities when he was incarcerated in a federal prison. Id.

6

McKenzie has thus persuaded the court that his civil immigration detention is indistinguishable from criminal punishment.  This factor weighs in McKenzie's favor.

*Other Considerations* – The four German Santos factors are non-exhaustive. 965 F.3d at 210.  Therefore, the court takes a step back and looks at the whole picture.  From this top-level view, McKenzie faces strict supervision whether he is housed in a county jail or not.  As discussed above, McKenzie was recently sentenced in federal court as part of a conspiracy to commit financial crimes.  If he was not in ICE custody, however, McKenzie would have been released after serving the incarceration component of his sentence.  Upon any release, he is still subject to two years of supervision by the United States Probation Office as part of his criminal sentence.  Instead, McKenzie will spend many more months inside a county jail on civil immigration charges whether he appeals his removal order or not.  See 8 U.S.C. § 1231(a)(1)–(2) (authorizing a 90-day period of mandatory detention after a removal order becomes administratively final), 1231(a)(6) (authorizing discretionary detention after that period).  Based on his criminal sentence, McKenzie will be watched closely by federal probation officers for two years if he is ultimately released.  The two years of supervised release and its attendant conditions also weigh in favor of granting the petitioner relief.

Therefore, on the balance of the non-neutral <u>German Santos</u> factors, the conditions of confinement and the criminal supervised release considerations outweigh considerations like the time McKenzie has spent in immigration detention.  The petition for writ of habeas corpus will be granted in part.

***Form of Relief*** – This determination does not entitle McKenzie to outright release from detention as requested or justify a bond hearing before a district court judge.  Rather, because of the violation of his due process rights, the petitioner is entitled to a timely bond hearing before a neutral IJ.

Along these same lines, the petitioner has filed a letter indicating what he would say to a neutral judge in a neutral forum in support of release. (Doc. 10).  He cites determinations made by a federal judge in the Western District of Pennsylvania and by BOP employees to buttress arguments that his financial crimes do not make him a danger to the community.  He cites the support from his mother and brother as evidence of a low risk of flight.

McKenzie's letter evidence or spoken testimony are matters that a neutral IJ will have to consider ***after*** the government puts on its case at the bond hearing.  That is, at the bond hearing, the government will bear the burden of justifying petitioner's continued detention by clear and convincing evidence that "must be individualized and support a finding that continued detention is needed

8

to prevent him from fleeing or harming the community." <u>German Santos</u>, 965 F.3d at 213–14.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Clevon McKenzie's petition for writ of habeas corpus, (Doc. 1), is **GRANTED** in part;

2) The government shall, within 14 days of the date of this order, provide McKenzie with an individualized bond hearing before an IJ in accordance with the analysis in the memorandum order;

3) At that hearing, the government will bear the burden of establishing, by clear and convincing evidence, that McKenzie's continued detention is necessary because he presents a flight risk or danger to the community if released;

4) On or before **July 15, 2026**, respondents shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that McKenzie has received a bond hearing; and

5) The Clerk of Court is directed to **CLOSE** this case.

Date: ___6/26/26___

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court